**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV11-0226-VAP(OPx)                    Date: March 1, 2011

Title:      WELLS FARGO BANK, NA -*v*- FRANCISCO
================================================================
PRESENT:          HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| | |
|---|---|
| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:       MINUTE ORDER REMANDING ACTION TO CALIFORNIA
                   SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE (IN
                   CHAMBERS)

     On August 20, 2010, Plaintiff Wells Fargo, NA ("Plaintiff") filed a complaint for
unlawful detainer ("Complaint") against Defendants Francisco J. Escobedo and
Maria A. Escobedo ("Defendants") in the Superior Court for the County of Riverside.
(Doc. No. 1 (Not. of Removal).)  On February 4, 2011, Defendants, proceeding pro
se, removed the action to this Court on the basis of federal question jurisdiction.
(See Not. of Removal at 2.)  The Court remands this action sua sponte, finding it
lacks subject matter jurisdiction.

     Removal jurisdiction is governed by statute.  See 28 U.S.C. §§ 1441, et seq.
The Ninth Circuit applies a strong presumption against removal jurisdiction, Ethridge

EDCV 11-00116 VAP (OPx)
WELLS FARGO BANK, NA v. FRANCISCO J. ESCOBEDO, et al
 MINUTE ORDER of March 1, 2011

v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988), and "the defendant always has the burden of establishing that removal is proper," Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).  See also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction").

      Defendants have not met their burden of demonstrating the Court's jurisdiction over this action.  Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

      Defendants allege removal is proper on the basis of federal question jurisdiction because Plaintiff's unlawful detainer claim is "a claim brought under the Federal Fair Debt Collection Practices Act . . ., [the] Real Estate Settlement Procedures Act . . ., [the] Truth in Lending Act . . ., Generally Accepted Accounting Principles . . . , the Universal Commercial Code . . . and thereby specifically causing the enforcement of the invalid subject deed  of trust and for wrongful foreclosure by a party without standing to foreclose."  (See Not. of Removal at 2.)  Although Defendants list several federal statutes, Defendants do not describe how these statues form the basis of Plaintiff's unlawful detainer claim.  Moreover, from the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983)

MINUTES FORM 11                                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                        Page 2

EDCV 11-00116 VAP (OPx)
**WELLS FARGO BANK, NA v. FRANCISCO J. ESCOBEDO, et al**
 MINUTE ORDER of March 1, 2011

(defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Thus, no federal question is presented on the face of the Complaint, nor has a federal claim been disguised by artful pleading.  Defendants accordingly have not demonstrated the Court may exercise jurisdiction on the basis of federal question, 28 U.S.C. § 1331.

Under 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  Defendants do not argue the Court has diversity jurisdiction over this action, and the Court finds no basis for diversity jurisdiction because Plaintiff filed this action as a "limited civil case" with damages of no more than $10,000.  (See generally Compl.)  As such, this case cannot meet the statutory amount -in-controversy requirement for diversity jurisdiction.  See 28 U.S.C. § 1332.

For these reasons, the Court lacks subject matter jurisdiction.  As Defendants have not met their burden of establishing that the case is properly in federal court, the Court REMANDS the action to the Superior Court for the County of Riverside.

**IT IS SO ORDERED.**